**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **GARY SAVOY** | * | |
| | * | |
| v. | * | Civil No. JKS-09-3160 |
| | * | |
| **MICHAEL J. ASTRUE** | * | |
| **Commissioner of Social Security** | * | |
| | * | |

**MEMORANDUM OPINION**

Plaintiff Gary Savoy brought this action pursuant to 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. §§ 401-433 (the Act). Both parties' motions for summary judgment and Savoy's alternative motion for remand are ready for resolution and no hearing is deemed necessary. See Local Rule 105.6. For the reasons set forth below, Savoy's motions for summary judgment and remand will be denied, and the Commissioner's motion for summary judgment will be granted.

1. **Background**.

Savoy applied for DIB on June 15, 2005, alleging an onset of disability on March 17, 2003. (R. 33). His application was denied initially and upon reconsideration. An Administrative Law Judge (ALJ) held a hearing on October 5, 2007, at which Savoy was represented by counsel. On October 15, 2007, the ALJ found that Savoy was not disabled within the meaning of the Act, (R. 16), and the Appeals Council denied his request for review. (R. 2). Thus, the ALJ's determination became the Commissioner's final decision.

**2. <u>ALJ's Decision</u>**.

The ALJ evaluated Savoy's claim using the five-step sequential process set forth in 20 C.F.R. § 404.1520. First, the ALJ determined that Savoy has not engaged in substantial gainful activity since his alleged onset date. (R. 12). At step two, the ALJ concluded that Savoy suffers from a severe back disorder. (R. 12). At step three, the ALJ determined that Savoy does not have an impairment or combination of impairments that meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 13). At step four, the ALJ found that Savoy is capable of performing light, unskilled work with certain exertional and nonexertional limitations. (R. 13). Once determining that Savoy was unable to return to his past relevant work, the ALJ found at step five, based on testimony from a vocational expert (VE), that jobs existed in significant numbers in the national economy that Savoy could perform. (R. 15). As a result, the ALJ determined that Savoy was not disabled within the meaning of the Act. (R. 16).

**3. <u>Standard of Review</u>**.

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co, v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a

refusal to direct a verdict if the case were before a jury. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

4. **<u>Discussion</u>**.

Savoy poses two allegations of error. He claims that the ALJ erroneously evaluated his subjective complaints, and he also claims that the ALJ erred in assessing his Residual Functional Capacity (RFC).

    A. Analysis of Subjective Complaints.

Savoy claims that the ALJ erroneously evaluated his assertions regarding the intensity, persistence, and limiting effects of his pain and other symptoms by requiring that they by supported by objective findings. ALJs must follow a two-step process for evaluating whether a person is disabled by subjective symptoms. *Craig v. Chater,* 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine that objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual symptoms alleged. 20 C.F.R. § 404.1529(b). Once the claimant makes this threshold showing, the ALJ must evaluate the extent to which these symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 96-7p. To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments he has received for his symptoms,

3

medications, and any other factors contributing to functional limitations. *Id.* The ALJ's opinion should be given great weight upon review because he has had the opportunity to observe the demeanor and determine the credibility of the claimant. *Shively v. Heckler*, 739 F.2d 987, 989-90 (4th Cir. 1984).

In the instant case, the ALJ determined that while Savoy's medically determinable impairments satisfied the threshold inquiry of whether they could reasonably be expected to produce the symptoms alleged, his allegations regarding the intensity, persistence, and limiting effects of those symptoms were not entirely credible. (R. 14). While Savoy is correct that he is not required to prove the effects of his symptoms with objective findings, medical evidence and other objective evidence are nevertheless a crucial evaluation tool. *Hines v. Barnhart*, 453 F.3d 559, 565 n.3 (4th Cir. 2006).

Here, the ALJ expressed his understanding of the proper basis for evaluating Savoy's allegations regarding the limiting effect of his back condition. (R. 13-14). The ALJ properly considered the fact that Savoy's claims were inconsistent with the medical records, which generally indicated that Savoy recovered well from the laminectomy and fusion, that his pain improved with recommended stretching and physical therapy, and that his treating physician recommended that he retrain for light duty work. (R. 67-81). The ALJ's determination that Savoy's allegations regarding his limitations were not entirely credible is supported by substantial evidence and thus must be affirmed.

B. Assessment of RFC.

Savoy contends that the ALJ, although performing the required function-by-function analysis of his ability to work, erred by failing to set forth a narrative discussion describing how

4

the evidence supported each conclusion. Two medical advisors determined that Savoy's condition was not severe, (R. 64, 93), and the medical records are limited to the report of the treating physician. Accordingly, the narrative discussion included a description of Savoy's onset of back pain, diagnoses, MRI results, surgery, and follow-up treatment. The ALJ discussed the follow-up treatment reports in detail, noting that examinations showed no weakness, negative straight leg raising, negative sensory exams, and normal reflexes. (R. 15-16). The ALJ also noted the treating physician's opinion that Savoy can work. (R. 12-13). The ALJ then discussed Savoy's hearing testimony in narrative form and explained why it was deemed less than fully credible. (R. 14). The ALJ's narrative referred to all of the relevant evidence, with Savoy pointing to none that was omitted. It is, accordingly, affirmed.

5. **Conclusion.**

For the foregoing reasons, Savoy's motions for summary judgment and remand will be denied, and the Commissioner's motion for summary judgment will be granted.

Date: January 24, 2011 /S/
JILLYN K. SCHULZE
United States Magistrate Judge